Sandford agt. Moshier.

----◄-◆-●-●-►----

## SUPREME COURT.

BETSEY SANDFORD, by next friend, respondent, agt. DAVISON MOSHIER, impleaded, &c., appellant.

An order, under § 292 of the Code, that a judgment-debtor apply property towards the satisfaction of the judgment, will not be granted, unless it is clear beyond reasonable doubt that the property is in his hands or under his control.

*Monroe General Term, Sept.,* 1856.

T. R. STRONG, WELLES and E. DARWIN SMITH, Justices.

APPEAL from an order of the county judge of Seneca county, in proceedings supplementary to execution.

A. V. HARPENDING, *for appellant.*

E. VAN BUREN, *for respondent.*

By the court—T. R. STRONG, Justice. To warrant an order under § 292 of the Code, that a judgment-debtor apply property towards the satisfaction of the judgment, it should clearly

appear that the property is in his hands or under his control. The remedy given by that section was intended only for cases where the ability of the debtor to comply with the order, by having the property in his possession or in his power, is beyond reasonable doubt. For a failure to comply with such an order the debtor may be imprisoned; and he should not be subjected to that consequence, unless it is apparent he has the property. If he has it, and will not apply it as directed, imprisonment is highly just to coerce the application—as disobedience may well be deemed fraudulent.

In the present case, the examination of the debtor shows the receipt by him of various sums of money, and also the payment by him of various sums; and he states, in his examination, that other payments have been made by him, which he cannot recollect particularly; and that he has paid out all the money he has received. The account which is given of the disposition of the money is not satisfactory in all respects, but we think the evidence is not so clear that he has money in his hands, or within his control, as to sustain the order appealed from.

The order must be reversed, with $10 costs.